FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 28, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL H.,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>Commissioner of Social Security,<br><br>Defendant. | No. 2:25-CV-00225-JAG<br><br>**ORDER AFFIRMING THE DECISION OF THE ALJ** |

**BEFORE THE COURT** is Plaintiff's Opening Brief, the Commissioner's Brief in response and the Plaintiff's reply brief. ECF No. 9, 13, and 14. Attorney Jordan Goddard represents Michael H.(Plaintiff); Special Assistant United States Attorney Melissa DelGuercio represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before the undersigned by operation of Local Magistrate Judge Rule (LMJR) 2(b)(2), as no party returned a Declination of Consent Form to the Clerk's Office by the established deadline. ECF No. 3. After reviewing the administrative record and briefs filed by the parties, the Court **AFFIRMS** the ALJ's decision.

## I. JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on October 27, 2021, alleging disability since September 1, 2019, due to depression, anxiety, hernia, back issues, obesity/pre-

diabetes, and attention deficit disorder. Tr. 63. Plaintiff's claim was denied initially and on reconsideration, and he requested a hearing before an administrative law judge (ALJ). Tr. 173. A hearing was held on August 6, 2024, at which vocational expert K. Diane Kramer, and Plaintiff, who was represented by counsel, testified. Tr. 38-39. ALJ Jesse Shumway presided. Tr. 38. The ALJ denied benefits on August 20, 2024. Tr. 14. The Appeals Council denied review. Tr. 1. The ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on June 24, 2025. ECF No. 1.

## II. STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and the ALJ's decision and are only briefly summarized here. Plaintiff was born in 1979 and was 40 years old on the alleged onset date. Tr. 63. Plaintiff's past jobs include merchant controller. Tr. 29.

## III. STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the

ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## IV. SEQUENTIAL EVALUATION PROCESS

The Commissioner established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## V. ADMINISTRATIVE FINDINGS

On August 20, 2024, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At ***step one***, ALJ Shumway found that Plaintiff had not engaged in substantial gainful activity since September 1, 2019. Tr. 19.

At ***step two***, the ALJ found Plaintiff had the severe impairments of obesity; lumbar degenerative disc disease; umbilical hernia; depressive disorder; anxiety disorder; and attention deficit hyperactivity disorder (ADHD). Tr. 19.

At ***step three***, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equal one of the listed impairments in 20 C.F.R., Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). Tr. 20.

The ALJ also found that Plaintiff has the residual functional capacity ("RFC") to perform a full range of light work, except:

> [H]e cannot climb ladders, ropes, or scaffolds, and can only occasionally perform all other postural activities; he cannot have concentrated exposure to pulmonary irritants or hazards, such as unprotected heights and moving mechanical parts; he is limited to simple, routine, repetitive tasks, and cannot work at an assembly-line pace or perform similarly fast-pace work; he can have no contact with the public and only occasional, superficial contact with supervisors and coworkers, with no collaborative tasks; and he needs a routine, predictable work environment, with clear, employer-set goals, and no more than occasional changes.

Tr 22.

At ***step four***, the ALJ found that Plaintiff could not perform past relevant work as a merchant controller. Tr. 29.

At ***step five***, the ALJ found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of performing jobs that existed in significant numbers in the

national economy, including the light work jobs of office cleaner,[1] warehouse checker, and collator operator. Tr. 30. Alternatively, the ALJ found that Plaintiff could also perform sedentary work jobs of touch-up screen inspector, document addresser, and document preparer. Tr. 31.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. Tr. 31.

## VI. ISSUES

The question presented is whether substantial evidence exists to support the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends that the ALJ erred by improperly evaluating Plaintiff's subjective complaints.

## VII. DISCUSSION

Plaintiff contends the ALJ erred by improperly rejecting his subjective complaints. ECF No. 9 at 1. It is the province of the ALJ to make determinations regarding a claimant's subjective statements. *Andrews*, 53 F.3d at 1039. However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen*, 80 F.3d at 1281;

---

[1] The ALJ's opinion contains a minor typo ("leaner" as opposed to "cleaner"), but correctly cites to DOT: 323.687-014, office cleaner.

*Lester*, 81 F.3d at 834. "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ found "several reasons the evidence of record supports the residual functional capacity outlined above and does not support the claimant's allegations of greater symptoms and limitations: (1) unremarkable objective evidence; (2) conservative treatment; (3) claimant's daily activities. Tr. 24-25. Each of these reasons alone could be sufficient to support the ALJ's determination, but taken together, the cited reasons provide considerable support for the ALJ's findings. The ALJ supported each justification with specific citations to the record. Regarding the unremarkable objective findings, the ALJ noted that over the course of many visits, multiple providers observed that Plaintiff was physically and mentally presenting normally and healthily. Tr. 24. Focusing on the routine, conservative treatment, the ALJ noted that Plaintiff did not avail himself of specialists, such as the pain clinic, or surgical intervention. Tr. 24. The ALJ further found that Plaintiff's decision to not consider further treatment was not motivated by his finances. Tr. 25. Lastly, the ALJ noted that Plaintiff lives independently and cares for a dog, which suggested a level of independence not in line with the level of impairment that Plaintiff claimed. Tr. 25. Though Plaintiff disagrees with the ALJ's final determination and the ALJ's interpretation of the record, to affirm the ALJ, the ALJ's opinion must only be supported by substantial evidence. The Court finds that the ALJ's opinion is supported by substantial evidence, and thus, even if the record is subject to differing interpretation, the ALJ's opinion must be affirmed.

## VIII. CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and is not based on legal error. Accordingly, **IT IS ORDERED**:

1. Defendant's request to affirm the decision of the ALJ, **ECF No. 13**, is **GRANTED**.

2. Plaintiff's request for remand, **ECF No. 9**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

DATED September 28, 2026.

JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE